**Miguel ALONZO–BATEN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–71318.

INS No. A72 142 422.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2002.*

Decided Dec. 9, 2002.

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM**

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Miguel Alonzo–Baten is a native and citizen of Guatemala who entered the United States without inspection in 1992. He petitions for review of an order of the Board of Immigration Appeals (BIA) denying his application for asylum and withholding of deportation. Because deportation proceedings were commenced before April 1, 1997, and the final order was issued after October 30, 1996, we have jurisdiction pursuant to former 8 U.S.C. § 1105(a), as amended by the transitional rules for judicial review in § 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). *See Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir.1997). We deny the petition.

## I

■ Substantial evidence supports the BIA's determination that Alonzo–Baten failed to establish past persecution on account of political opinion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). While he credibly testified to his subjective belief that he was threatened by death squads, the record does not compel the conclusion that his fear was objectively reasonable. No threats were actually made, nor did the two men who visited his home carrying "traditional bags" take any action to harm Alonzo–Baten or his family. There is no evidence that the gunshots he heard one night were aimed at him, or that a car that followed him to a military compound was after him. In any event, no reasonable fact-finder would be compelled to find that any of these incidents occurred on account of Alonzo–Baten's prior work for the FRG. *See Prasad v. INS*, 47 F.3d 336 (9th Cir. 1995). There is no evidence of confrontations with any suspected persecutors who targeted Alonzo–Baten because of his political opinion, and Alonzo–Baten does not argue that his persecutors imputed a political opinion to him. Further, Alonzo–Baten worked as a bill collector, and there is no indication that the people who visited or followed him were death squad members who were persecuting him rather than individuals who were displeased with his collection activities.

■ Likewise, the evidence does not compel the conclusion that Alonzo–Baten has a well-founded fear of future persecution on account of his political opinion. The FRG controls a majority of the seats in the Guatemalan Congress; there is no evidence that former FRG members are persecuted; and Alonzo–Baten's family has received no indication that the Guatemalan government or elements that it cannot control have any interest in him. *See generally Sangha v. INS*, 103 F.3d 1482, 1488 (9th Cir.1997). Alonzo–Baten argues that a friend's death shows a pattern or practice of persecution on account of FRG work, but that conclusion is not compelled given evidence that the friend was killed in connection with a robbery. Finally, there is no evidence that continuing human rights abuses in Guatemala are targeted against former FRG members.

## II

Having failed to satisfy the lower standard of proof to establish eligibility for asylum, Alonzo–Baten necessarily cannot show eligibility for withholding of deportation. *Kazlauskas v. INS*, 46 F.3d 902, 907 (9th Cir.1995).

PETITION DENIED.